Exhibit 1

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CECILIA GRANATA,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No.: 1:22-cv-00052

Judge Matthew F. Kennelly

**PRELIMINARY INJUNCTION ORDER**

Plaintiff CECILIA GRANATA ("CECILIA GRANATA" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS CECILIA GRANATA's Motion in part as follows.

This Court finds CECILIA GRANATA has provided notice to Defendants in accordance with the Temporary Restraining Order entered January 5, 2022, [15] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, CECILIA GRANATA has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more

seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of CECILIA GRANATA's federally registered copyrights, which are protected by Copyright Registration Nos. VA 2-217-328, VAu 1-408-618, VA 2-217-334 VA 2-217-340, and VAu 1-408-827 (the "CECI TATTOOS Works") to residents of Illinois. In this case, CECILIA GRANATA has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the CECI TATTOOS Works. *See* Docket No. 12, which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its infringing goods to customers in Illinois bearing infringing versions of the CECI TATTOOS Works.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of CECILIA GRANATA's previously granted Motion for Entry of a TRO establishes that CECILIA GRANATA has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that CECILIA GRANATA will suffer irreparable harm if the injunction is not granted.

Specifically, CECILIA GRANATA has proved a *prima facie* case of copyright infringement because (1) Plaintiff is the owner of the registered CECI TATTOOS Works, (2) Defendants are not licensed or authorized to use any of the CECI TATTOOS Works, and (3) Defendants' use of the CECI TATTOOS Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with CECILIA GRANATA. Furthermore,

2

Defendants' continued and unauthorized use of the CECI TATTOOS Works irreparably harms CECILIA GRANATA through diminished goodwill and brand confidence, damage to CECILIA GRANATA's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, CECILIA GRANATA has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. using the CECI TATTOOS Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine CECILIA GRANATA product or not authorized by CECILIA GRANATA to be sold in connection with the CECI TATTOOS Works;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine CECILIA GRANATA product or any other product produced by CECILIA GRANATA, that is not CECILIA GRANATA's or not produced under the authorization, control, or supervision of CECILIA GRANATA and approved by CECILIA GRANATA for sale under the CECI TATTOOS Works;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of CECILIA

    GRANATA, or are sponsored by, approved by, or otherwise connected with CECILIA GRANATA; and

  d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for CECILIA GRANATA, nor authorized by CECILIA GRANATA to be sold or offered for sale, and which bear any of CECILIA GRANATA's registered copyrights, including the CECI TATTOOS Works, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon CECILIA GRANATA's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") and ContextLogic, Inc. ("WISH") (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to CECILIA GRANATA expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

 a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

 b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying

        information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, WISH, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon CECILIA GRANATA's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the CECI TATTOOS Works.

5. Any Third Party Providers, including Amazon and WISH, shall, within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of CECILIA GRANATA, and any e-mail addresses provided for Defendants by third parties; and

      b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. CECILIA GRANATA may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Cecilia Granata and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "jinankaiyuedianzishangwuyouxiangongsi and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiff's Schedule A to the Complaint [2], Exhibit 2 to the Declaration of CECILIA GRANATA [12], and the TRO are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The Ten Thousand dollar ($10,000) bond posted by CECILIA GRANATA shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

_____
Matthew F. Kennelly
United States District Judge

Dated: January 21, 2022

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YUN KYUNG LEE,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No.: 1:22-cv-00007

Judge Matthew F. Kennelly

**PRELIMINARY INJUNCTION ORDER**

Plaintiff YUN KYUNG LEE ("LEE" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS YUN KYUNG LEE's Motion in part as follows.

This Court finds YUN KYUNG LEE has provided notice to Defendants in accordance with the Temporary Restraining Order entered January 5, 2022, [15] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, YUN KYUNG LEE has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to

the United States, including Illinois, and have sold products using infringing versions of YUN KYUNG LEE's federally registered copyrights, which are protected by Copyright Registration Nos. VA 2-265-567, VA 2-265-566, VA 2-265-554, VA 2-265-570, VA 2-265-561, VA 2-265-563, VA 2-265-565, VA 2-265-564, VA 2-265-562, VA 2-265-569, VA 2-265-568, VA 2-265-556, VA 2-265-555, VA 2-265-560, VA 2-265-558, and VA 2-265-557 (the "EPISODIC DRAWING Works") to residents of Illinois. In this case, YUN KYUNG LEE has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the EPISODIC DRAWING Works. *See* Docket No. 12, which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its infringing goods to customers in Illinois bearing infringing versions of the EPISODIC DRAWING Works.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of YUN KYUNG LEE's previously granted Motion for Entry of a TRO establishes that YUN KYUNG LEE has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that YUN KYUNG LEE will suffer irreparable harm if the injunction is not granted.

Specifically, YUN KYUNG LEE has proved a *prima facie* case of copyright infringement because (1) Plaintiff is the owner of the registered EPISODIC DRAWING Works, (2) Defendants are not licensed or authorized to use any of the EPISODIC DRAWING

Works, and (3) Defendants' use of the EPISODIC DRAWING Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with YUN KYUNG LEE. Furthermore, Defendants' continued and unauthorized use of the EPISODIC DRAWING Works irreparably harms YUN KYUNG LEE through diminished goodwill and brand confidence, damage to YUN KYUNG LEE's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, YUN KYUNG LEE has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. using the EPISODIC DRAWING Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine YUN KYUNG LEE product or not authorized by YUN KYUNG LEE to be sold in connection with the EPISODIC DRAWING Works;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine YUN KYUNG LEE product or any other product produced by YUN KYUNG LEE, that is not YUN KYUNG LEE's or not produced under the authorization, control, or supervision of YUN KYUNG LEE and approved by YUN KYUNG LEE for sale under the EPISODIC DRAWING Works;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of YUN KYUNG LEE, or are sponsored by, approved by, or otherwise connected with YUN KYUNG LEE; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for YUN KYUNG LEE, nor authorized by YUN KYUNG LEE to be sold or offered for sale, and which bear any of YUN KYUNG LEE's registered copyrights, including the EPISODIC DRAWING Works, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon YUN KYUNG LEE's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") and ContextLogic, Inc. ("WISH") (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to YUN KYUNG LEE expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, WISH, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon YUN KYUNG LEE's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the EPISODIC DRAWING Works.

5. Any Third Party Providers, including Amazon and WISH, shall, within seven (7) calendar days of receipt of this Order:

a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration

        of YUN KYUNG LEE, and any e-mail addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. YUN KYUNG LEE may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of YUN KYUNG LEE and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "rfehsre and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiff's Schedule A to the Complaint [2], Exhibit 2 to the Declaration of YUN KYUNG LEE [12], and the TRO [15] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The Ten Thousand dollar ($10,000) bond posted by YUN KYUNG LEE shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

_____
Matthew F. Kennelly
United States District Judge

Dated: 1/18/2022